Petitioners' asylum application omitted that they were attacked by members of the ruling party in Cambodia while on Ea's motorcycle. Because this is the most serious instance of alleged persecution, substantial evidence supports the agency's adverse credibility determination. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004). Accordingly, petitioners' withholding of removal claim fails.

We reject petitioners' contention regarding the IJ's denial of CAT relief on the merits because the BIA only adopted and affirmed the IJ's adverse credibility finding. *See Ramirez–Altamirano v. Holder*, 563 F.3d 800, 804 (9th Cir.2009) (this court's review is limited to the actual grounds relied upon by the BIA).

**PETITION FOR REVIEW DENIED.**

---

**Cecilio MEJIA JUAREZ, Petitioner,**

**v.**

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–74658.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Nov. 30, 2009.

Shan Potts, Law Offices of Larry W. Smith, Los Angeles, CA, for Petitioner.

CAS–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Brooke Maurer, Trial, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Cecilio Mejia Juarez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his application for asylum, cancellation of re-

---

moval, and voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Popa v. Holder*, 571 F.3d 890, 894 (9th Cir.2009), and we dismiss in part and deny in part the petition for review.

We do not consider Mejia Juarez's challenge to the IJ's adverse credibility determination because the IJ's alternative finding that Mejia Juarez did not establish past persecution or a well-founded fear of persecution on account of a protected ground is dispositive of Mejia Juarez's asylum claim, and he did not challenge this finding before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (this court generally lacks jurisdiction to review contentions not exhausted).

We also do not consider Mejia Juarez's contentions regarding the fairness of his hearing and continuous presence in the United States because he failed to raise his due process and cancellation of removal claims before the BIA. *See id.*

Meija Juarez's contention that his notice to appear was defective because it did not specify the date and time of his removal hearing is foreclosed by *Popa*, 571 F.3d at 896 (NTA and hearing notice combined satisfied requirements of 8 U.S.C. § 1229(a)(1)(G)(i)).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**